*167 Opinion of the Court,
by Judge Owsley.
AT the March term, 1817, of the Woodford circuit court, Long, as the assignee of Hezeldah .Luckett, recovered judgment for $1,474 25 cents, together with interest thereon and costs, against John H. Carlyle, From that judgment an appeal was prayed by John H. Carlyle, who, together with George Carlyle, his surety, executed bond in the clerk’s office, conditioned for the due prosecution of the appeal. The appeal was after-wards dismissed by an order of this court, and an action brought in the name of Long, for the use and benefit of Joseph Kinkaid, against GeOrge Carlyle, upon the appeal bond. Prior to the commencement of the suit by Long against John H. Carlyle, a note for $2,113 and 13 cents, was given by Long and Young to the said John H. Carlyle and Hezeldah Luckett, and them assigned to George Carlyle. Suit was brought upon this note by George Carlyle, and in June, 1817, judgment was rendered in his favor, against Long, for the amount thereof, together with interest and costs. This judgment remaining in full force and unsatisfied, was pleaded as a set-off to the demand claimed George Carlyle in the action brought against him by Long for the use of Kinkaid, upon the appeal bond, To this plea a replication was put in by Long, going to show that although the action on the appeal bond against George Carlyle, and the original action against John H. Carlyle, were both brought in his name, he *168 was, neither at the time the first action was commenced, nor ever since, beneficially entitled to any part of the demand, and that both suits were prosecuted in his name for the exclusive use of Joseph Kinkaid, who has a^ times been equitably entitled to the demand, George Carlyle demurred tp this plea, but the demurrer was overruled by the court. Carlyle then-failed to make further answer to the replication, and judgment was rendered against him in favor of Long for the use of Kinkaid. From that judgment Carlyle appealed, and by his assignment of errors questioned the sufficiency °* replication put in by Long to his plea of set-off.
demurring a replication or other the pleadings, admits its truth, and decided gainst him, is as conclusive hadf been^as3 •certained by the verdict of a Jury-
Equity will not relieve, where the aWe^aMaw" and more especially ^arty3complaining is in default.
Where a fence is available at law or in equity, the party electing to make it at law, and n^faft °an wards assert it in equity,
The replication was, however, sustained by this court, and the judgment finally affirmed. See 1 Marsh. 486, Marsh. 434.
After this, Carlyle exhibited his bill in equity,_ in which, among other things, he sets out the preceding fac*-s an<^ circumstances, and charges that the allegations contained in the replication of Long, are untrue; that the demand for which the actions were prosecuted in the name of Long, in truth, and fact belonged to him, ancl not Kinkaid; and he again sets up his judgment against Long, and prays that it may be decreed to be set-off against the judgment recovered against him m the action on the appeal bond,
Long and Kinkaid, both of whom were made defendants to the bill, answered, insisting upon the truth of the replication put in by Long to Carlyle’s plea, and relying upon the decision at law, as concluding Carlyle from again drawing the same matter in question in COurt °f e<lUÍtF’ &C*
We would here remark, that in his bill, Carlyle claims credits for payments which he alleges to have been made, and which are not controverted by the c T , Tr. , . , , J swers ot Long and Kinkaid.
The court below pronounced a decree perpetuating icjincticn which Carlyle had obtained, for so much as the payments made by him were adjudged to entitle him to relief, and dissolving the injunction as to the residue of the judgment at law, with damages, and ordering each party to pay their own costs. From that decree Carlyle has appealed to this court.
From the preceding statement of facts, it will be perceived that the judgment which Carlyle claims to be set-off against the judgment rendered in favor, of Long *169 for the use of Kinkaid, in the action upon the appeal bond, was pleaded by way of set-off, by Carlyle, in that action, and that the decision against Carlyle on that point, is relied on by Long and Kinkaid, as concluding Carlyle from again asserting the same claim in a court of equity. That Carlyle would have been concluded by the decision at law, if it had been rendered upon the verdict of a jury, finding the facts alleged in the replication true, was not denied in argument; but it was contended that the matter charged in the replication is of equitable cognizance, and ás it was not traversed by Carlyle and decided by a jury, the decision at law ought not to be allowed to preclude Carlyle from drawing in question the truth of the replication, in a court of equity. The force of the argument is not, however, distinctly perceived by the court. That the matter charged in the replication is cognizable in a court of equity, is a proposition which will not be controverted; but it is equally undeniable, that it was also triable in the action at law. It was decided to be cognizable at law by this court, in the appeal which was taken by Carlyle to the judgment recovered against him in that action, and that decision is conclusive between the same parties, on the same point, in the present contest. The matter being, therefore, cognizable at law, the decision there must be considered as closing the door against any further controversy on the same matter,either at law or in equity; for no principiéis better settled, than that which recognizes the decision of any matter by a court of competent jurisdiction, to be conclusive between the same parties, when again drawn in question in any court of concurrent or co-ordinate jurisdiction. The facts contained in the replication, it is true, were not put in issue in the progress of the trial at law; but, by demurring, Carlyle admitted the truth of the facts, and after abiding by his demurrer, that admission is afe conclusive upon him, as if the facts had been ascertained to be true by the verdict of a jury. In this country, where a defendant may plead several matters, both of law and of fact, we know that on the trial of an issue of fact, the admissions of the same fact by a demurrer, will not be taken as evidence; but the exclusion of the admissions contained in the demurrer as evidence, in that case, results from the privilege which is allowed by the statute, to defendants, to *170 plead, at the same time, matters of law and of fact, and ^rom necessity of leaving the fact at large, on the trial before the jury, to enable the defendant to avail himself of the provisions of the statute. But wherever that necessity is not made to exist by the defendant’s pleading both law and fact, an admission of the fact by a demurrer, will conclude the question of fact, not only in the suit wherein the confession is made, but in all other causes between the same parties, involving the same fact.
But admitting the effect of a demurrer not to be such as we have supposed, would it thence follow, that Carlyle might obtain relief in a court of equity ? _ We think not. tie would then be placed in the attitude of a person seeking to avail himself of a defence in equity, which was tried at law, and which was in fact pleaded at law, and adjudged against him, for a default in not responding to a replication containing sufficient matter in avoidance of his plea. He would, therefore, in that case, occupy the unfavorable posture of a complainant seeking the aid of a court of equity to relieve him from a charge produced by his own laches, and of course could not receive the aid of the court, consistently with the general rules by which it is governed. We admit, that if no attempt had been made by Carlyle to plead his judgment by way of set-off in the action at law, he would have been allowed to assert that demand, and ask a set-off in equity; but after having pleaded it in defence of the action at law, he cannot be permitted again to urge the same matter as a defence in equity, though his failure at law may have resulted from not having traversed the replication of his adversary. It is true, that courts of equity, not unusually, grant relief in equity upon matter cognizable both at law and in equity, where no defence is attempted at law; but no case is recollected, and none is presumed to exist, where a plaintiff has been permitted to recover in equity, a demand which had been previously asserted by him in an action at law, and which -was adjudged against him in that action, for a failure to answer the defendant’s plea, though the matter in demand be cognizable in both courts. And if, under, such circumstances, relief would not be decreed in equity, the failure of Carlyle to answer the replication of Long to his plea, cannot be admitted to furnish any *171 cause for asserting the same claim in equity, which was relied on by him in his plea; for after electing to defend himself at law, and after having pleaded his judgment against Long by way of set-off, as respects that judgment, Carlyle assumed the attitude of a plaintiff, and in equity and law is as completely concluded by a decision against him, for failing to answer the replication to his plea, as he would be by a decision against him for failing to answer a valid plea put in to an action in which he was plaintiff.
The decree must, therefore, be affirmed with costs and damages upon the damages decreed by the court below.